UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Mara Sabinson,
    Plaintiff

    v.                                 Civil No. 05-cv-424-SM
                                      Opinion No. 2006 DNH 097
Trustees of Dartmouth College,
    Defendant

**O R D E R**

Mara Sabinson, an associate professor at Dartmouth College, has sued the college under Title VII of the Civil Rights Act, asserting claims of discrimination (based on age, gender, and religion) and unlawful retaliation. She also asserts a state law breach of contract claim and, perhaps, a "wrongful constructive discharge" claim. Before the court is Dartmouth's motion to dismiss. Sabinson objects. For the reasons given, Dartmouth's motion to dismiss is denied, with one exception.

A motion to dismiss for "failure to state a claim upon which relief can be granted," FED. R. CIV. P. 12(b)(6), requires the court to conduct a limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "A district court may grant a

12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted only if 'it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.'" Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 145 (1st Cir. 2004) (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)).

This case is not amenable to resolution on a motion to dismiss, as the court indicated when it invited motions for summary judgment at the hearing on Sabinson's request for preliminary injunctive relief.  Nonetheless, the pleading before the court is a motion to dismiss, not a motion for summary judgment, and so must be resolved in accordance with circuit precedent governing such motions.

In her Title VII claim, plaintiff asserts that Dartmouth discriminated against her when it subjected her to an adverse employment action on impermissible grounds — that is, by constructively demoting her — and when it subjected her to a hostile work environment.  She also asserts that Dartmouth is liable for retaliating against her.  Dartmouth contends, not unreasonably, that it retains the authority, as employer, to assign teaching duties to faculty members as it deems

appropriate, and that changing a faculty member's particular teaching duties does not qualify as an "adverse employment action" for Title VII purposes.  But, "[d]etermining whether an [employment] action is materially adverse necessarily requires a case by case inquiry."  Simas v. First Citizens' Fed. Credit Union, 170 F.3d 37, 50 (1st Cir. 1999) (quoting Blackie v. State of Maine, 75 F.3d 716, 715 (1st Cir. 1996)) (emphasis added in Simas).  The court is unable to rule, as a matter of law, that an extensive and dramatic revision of a college professor's teaching responsibilities as is claimed here, i.e., the "constructive demotion" alleged by plaintiff, can never qualify as an adverse employment action for Title VII purposes.  Moreover, given the court of appeals' decision in Gorski v. New Hampshire Department of Corrections, 290 F.3d 466 (1st Cir. 2002), defendant is not entitled to dismissal of plaintiff's hostile work environment claim, since the generous notice pleading rules are plainly met by the complaint.  Similar concerns, coupled with what appear to be factual disputes over when Sabinson's course assignments were actually changed, militate against dismissing plaintiff's retaliation claim at this point.  This victory, such as it is, may prove transitory to plaintiff, but disposition of the issues presented requires a more fully developed record.

Plaintiff has also asserted one (or two) state law causes of action.  In her breach of contract claim, she alleges that she had an agreement with Dartmouth concerning her course assignments, and that the college breached that agreement when it reassigned three of the theater courses she was scheduled to teach and required her to teach three first-year writing seminars.  Those allegations are enough to survive a Rule 12(b)(6) motion under the plaintiff-friendly standards of federal notice pleading.  See Brown v. Credit Suisse First Boston LLC (In re Credit Suisse First Boston Corp. Analyst Reports Secs. Litig.), 431 F.3d 36, 46 (1st Cir. 2005) (referring to "the generous notice pleading formulation of FED. R. CIV. P. 8(a)(2)").

However, to the extent Sabinson is also asserting a claim of "wrongful constructive discharge," (see Compl. ¶ 27), that claim is dismissed.  According to her complaint, Sabinson remains employed by Dartmouth, so she cannot state a discharge claim, either constructive or actual.  See, e.g., Hart v. Univ. Sys. of N.H., 938 F. Supp. 104, 106 (D.N.H. 1996) (Title VII plaintiff alleging constructive discharge resigned her position); Porter v. City of Manchester, 151 N.H. 30, 36 (2004) (plaintiff asserting wrongful constructive discharge claim had left employment with defendant); Karch v. BayBank FSB, 147 N.H. 525, 536 (2002)

("According to the plaintiff, these alleged bad faith acts by the defendant rendered her work environment so intolerable that she ultimately resigned."); Butler v. Walker Power, Inc., 137 N.H. 432, 433 (1993) ("Although the plaintiff resigned from his employment with the defendant, the parties agree that the resignation, under the conditions then existing, amounted to a constructive discharge.").

Moreover, plaintiff fails to allege another key element of a wrongful discharge claim — that she "was discharged because [she] performed an act that public policy would encourage, or refused to do something that public policy would condemn." Porter, 151 N.H. at 38 (quoting Cloutier v. Great Atl. & Pac. Tea Co., 121 N.H. 915, 922 (1981)).

For the reasons given, Dartmouth's motion to dismiss (document no. 19) is denied, except that Sabinson's possible claim for "wrongful constructive discharge" is dismissed.

**SO ORDERED.**

                                              Steven J. McAuliffe
                                              Chief Judge

August 29, 2006

```
cc:  K. William Clauson, Esq.
     George E. Spaneas, Esq.
     Bruce W. Felmly, Esq.
     Michael T. Pearson, Esq.
```